## LEMAN W. TYLER, APPELLANT, *v.* VICTOR COOPER, RESPONDENT.

*Easement — how extinguished — measure of the servitude.*

Where an easement is acquired by deed it will not be extinguished by any non-user of less than twenty years, in a case in which the owners of such easement have not by their acts, and the manner in which they have built upon the dominant premises, induced parties subsequently acquiring title to the servient premises to believe that they were free from the burden of the easement. (Per HARDIN, P. J.)

Where the owner of the dominant premises has not done any act by which the persons owning the property, subject to such easement, have been induced to change their position or condition, and the owners of the dominant premises can enforce such easement without injury to the rights of any one, they may do so although they have temporarily ceased to use the same, or although their acts may have been inconsistent with the continued existence of the easement. (Per HARDIN, P. J.)

Where an easement is not permanent in its nature, and its duration is not fixed by the terms of the grant, the dominant estate cannot subject the servient estate to the burden when the dominant estate is so situated that it cannot enjoy the easement. (Per FOLLETT, J.)

Where the extent of the easement is not measured by the words of the grant, but is left to be determined by the usage of the property, the dominant estate is not entitled to use more of the servient estate than may be reasonably necessary for the enjoyment of the easement; and the owner of the servient estate may rightfully use his property at all times and for all purposes, which do not impair the use of the easement by the owner of the dominant estate. (Per FOLLETT, J.)

The extent of the use, in the absence of words of admeasurement in the grant, is to be determined by the usage of the parties. (Per FOLLETT, J.)

APPEAL from a judgment entered in Jefferson county, upon a decision made at Special Term, dismissing plaintiff's complaint on the merits, with costs. The plaintiff alleged an easement by virtue

of a grant minutely set out in the pleadings and asked judgment that the defendant be restrained from erecting a barn upon the defendants premises and thereby interfering with the plaintiff's use of his easement. The court found an abandonment of its enjoyment, and of the right thereto. The non-user was for less than twenty years.

The plaintiff and defendant were adjoining owners of certain lands in the village of Theresa, Jefferson county, which were originally owned by one Carpenter the common grantor, who conveyed the lot now owned by the plaintiff, to one Daniel Hubbard by deed, containing the following provisions: "The party of the second part, his heirs and assigns is also to have the right and privilege of throwing the manure made in the barn on the premises hereby granted, out of a hole on the S. W. side of said barn, and to have it fall and remain as it naturally falls on the premises of the party of the first part, and also the privilege to cross the premises of the party of the first part to draw off and carry away said manure in the spring of the year, under the direction of the party of the first part, their heirs and assigns; and said manure is not to be or remain on the premises of the party of the first part during the summer season."

*Watson M. Rogers*, for the appellant.

*C. W. Thompson*, for the respondent.

HARDIN, P. J.:

Plaintiff's easement was acquired by deed; it could not be lost by non-user. (*Jewett* v. *Jewett*, 16 Barb., 157; *Smyles* v. *Hastings*, 22 N. Y., 217; *Wiggins* v. *McCleary*, 49 id., 346; *White's Bk.* v. *Nichols*, 64 id., 74; *Snell* v. *Levitt*, 39 Hun, 227.) In *Crain* v. *Fox* (16 Barb., 185,) the opinion was written by GRIDLEY, J., who delivered the opinion in *Jewett* v. *Jewett* (*supra*), and it appears in the Crain case that the right of way which was the subject of the controversy was acquired by "an adverse use and a prescriptive right to the easement or way." Plaintiff's non-use of his easement for nineteen years did not deprive him of it. Nor did the fact that he had temporarily adjusted his buildings to such use and purpose, as not to require the enjoyment of the easement work a forfeiture of it.

In *White's Bank* v. *Nichols* (*supra*), ALLEN, J., says : "It is not easy to define what acts of the owner of an easement could operate to extinguish the same ; but in all cases the act must be judged by the intention indicated by it, and nothing short of an intention to abandon the right will operate to extinguish it, unless other persons have been led by such acts to treat the servient estate as if free of the servitude," and he refers to cases that have upheld an abandonment and says they were decided mainly upon the theory of an estopel, the court in each of the cases laying stress upon the fact that the owners of the easements claimed had, by their acts and in the manner in which they had built upon the premises, induced the parties subsequently acquiring title to the servient premises to believe that they were free from the burthen of the easement. But where there has been no change in the title, and persons have not been led to change their positions or condition in consequence of the acts of the owners of the easement, and the latter can enforce the easement without injury to the rights of any one, he may do so although he may temporarily cease to use the same, or his acts may be inconsistent with the existence of the easement.

The plaintiffs had not induced the defendant by acts to take any action inconsistent with the existence of the easement. Defendant had full knowledge of the existence of the easement. There had been no parol agreement to extinguish, which had been partly performed so as to work an extinguishment of it. That was the case in *Lowry* v. *Tew* (3 Barb. Ch., 413). Such was the case of *Pope* v. *O'Hara* (48 N. Y., 452). In *Lattimer* v. *Livermore* (72 N. Y., 174) it was held that a party might relinquish a part of an easement without parting with the whole. It therefore would not extinguish the plaintiff's easement if he had so conducted himself as to relinquish a part of his rights under the grant. In the complaint it is averred that plaintiff is the owner of the easement set out. That allegation is not specifically denied. It must, therefore, be taken as true for the purposes of the trial. (Code, § 522.)

Although we can see upon the facts disclosed that the plaintiff is entitled at present to a meagre remedy, either by restraint or by way of damages, we think the learned trial judge fell into an error in finding that the plaintiff has abandoned "the right itself" expressed in the grant.

The judgment should be modified so that it shall not declare that the plaintiff has abandoned " the right itself " to the easement given by the deed to the plaintiff, and as modified affirmed, without costs to either party.

MARTIN and FOLLETT, JJ., concurred.

FOLLETT, J.:

APPEAL from a judgment entered on a decision of a Special Term, and heard in this court on a case containing all of the evidence.

This judgment is sustainable upon two grounds: (1.) Under the facts found, which are abundantly sustained by the evidence, the defendant has not interfered with, or threatened to interfere with the enjoyment of any right or easement of the dominant estate. (2.) Until the dominant estate is so situated that its owner can beneficially use the servitude, a Court of Equity will not aid the plaintiff to enforce a technical right which he does not use, or propose to use, and which will not benefit him, but simply injure the defendant. A reference to this grant will show, that this easement was impermanent in its nature, and its duration not fixed; and in such cases the dominant estate can not subject the servient estate to the burden, when the dominant estate is so situated that it cannot enjoy the servitude. Again, the extent of this easement is not measured by the words of the grant, but is left to be determined by the usage of the property. The dominant estate is not entitled to use more of the servient estate than may be reasonably necessary for storing "the manure made in the barn on the premises." The owner of the servient estate may rightfully use it at all times and for all purposes which does not impair the use of the servitude by the owner of the dominant estate. " The use " and " the right " are co-extensive in this case. When manure is not made in the barn there is no servitude.

The court finds: " Since 1868 said barn has not been used for a stable and no manure has been made therein. When the barn was thus used, the manure pile extended from six and one-half feet to seven feet on to the premises now belonging to the defendant, a distance of nine or ten feet from said barn." The court also finds that defendant's barn stands from eight and one-fourth to nine and one-third feet away from plaintiff's barn, which affords sufficient

space for as large a pile of manure as has ever been thrown out of this hole since the creation of this servitude. Measuring the extent of this servitude by the usage of the parties, as we must, in the absence of words of measurement, it appears that plaintiff's easement has not been impaired.

The finding "the space left for the deposits of the manure, to have it fall and remain as it naturally falls, is not large enough for the possible requirements of the easement," is quite insufficient to entitle the plaintiff to the relief demanded. It is plain that the parties to this grant did not intend to provide by this servitude for the manure of many animals, because but one pile of manure is to be stored, which is to be thrown out of a single designated hole, and is inconsistent with the idea of providing for the manure from many animals. The court finds that defendant's barn will not seriously interfere with the removal of any manure made in the plaintiff's barn and thrown out of this hole, should the plaintiff hereafter reconvert his barn into a stable.

In the support of the second proposition above stated it is only necessary to cite the rule declared by Chief Justice DENIO in *Bakeman* v. *Talbot* (31 N. Y., 369): "It would not be right at this time to oblige the defendant to furnish facilities for a state of affairs which may never arise, or which may not arise until some remote period."

The judgment of the court below does not rest upon the theory that plaintiff lost, by non-user, the easement.

Neither the conclusions of law of the Special Term, nor the judgment entered declare that the plaintiff has lost, by non-user, the easement granted, but the judgment plainly and securely rests upon the two propositions stated at the head of this opinion. The court, in its conclusions of law, dismisses the complaint without an intimation that the plaintiff's right has been lost; and by reference to the opinion, it is clear that the learned judge did not place his decision upon that ground.

If the plaintiff desires that the judgment, as entered, be modified by placing it upon the grounds stated in this opinion, he has leave to apply to the Special Term for such modification.

MARTIN, J., concurred.

Judgment modified in accordance with opinions and as modified affirmed, without costs.